**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4118-16T4

MICHAEL S. BARTH,

     Plaintiff-Appellant,

v.

BERNARDS TOWNSHIP, DAVID
CENTRELLI, individually and in his
official capacity as Bernards Township
Assessor, SOMERSET COUNTY NEW
JERSEY, SOMERSET COUNTY BOARD
OF TAXATION, ROBERT M. VANCE,
individually and in his official capacity
as Somerset County Tax Administrator,
JOHN M. LORE, ESQ., individually and
in his official capacity as president of the
Somerset County Tax Board,

     Defendants-Respondents.

_____

        Submitted February 26, 2019 – Decided March 11, 2019

        Before Judges Fisher and Suter.

        On appeal from the Tax Court of New Jersey, Docket No. 0368-2016.

        Michael S. Barth, appellant pro se.

DiFrancesco, Bateman, Kunzman, Davis, Lehrer & Flaum, PC, attorneys for respondents Township of Bernards and David Centrelli (Martin Allen, of counsel; Edward W. Purcell, on the brief).

Gurbir S. Grewal, Attorney General, attorney for respondents Somerset County New Jersey, Somerset County Board of Taxation, Robert M. Vance, and John M. Lore (Melissa H. Raksa, Assistant Attorney General, of counsel; Michelle Capistrano Foster, Deputy Attorney General, on the brief).

PER CURIAM

Plaintiff was once the beneficiary of a farmland tax assessment because the property taxing authority believed he harvested maple syrup on his Bernards Township property. In 2014, that assessment was revoked and rollback taxes[1] were imposed, eventually leading to plaintiff's appeal to the Tax Court, which ultimately rejected plaintiff's position because he refused to permit an inspection of his property. After careful review of the record and the parties' arguments, we affirm the dismissal of his tax court action.

---

[1] Rollback taxes represent "an amount equal to the difference, if any, between the taxes paid or payable . . . and the taxes that would have been paid or payable had the land been valued, assessed and taxed as other land in the taxing district, in the current tax year (the year of change in use) and in such of the two tax years immediately preceding, in which the land was valued, assessed and taxed [as farmland]." N.J.S.A. 54:4-23.8. See also N.J. Tpk. Auth. v. Twp. of Washington, 137 N.J. Super. 543, 547 (App. Div. 1975), aff'd o.b., 73 N.J. 180 (1977).

A-4118-16T4

The relevant facts may be briefly summarized. In October 2014, the tax assessor informed plaintiff that his property did not qualify for the farmland assessment because plaintiff failed to provide proof demonstrating income through farming. The county board of taxation initiated a complaint, pursuant to N.J.S.A. 54:4-23.8, to invoke rollback taxes for 2013 and 2014 due to the property's change in status. Plaintiff was given notice and a hearing was scheduled, at the conclusion of which the county board entered a judgment assessing rollback taxes in the amount of $4,953.99.

In January 2016, plaintiff appealed that determination to the Tax Court; he also sought relief against the township, the assessor, the county board, the county tax administrator, the president of the tax board, and tax board commissioners. Plaintiff claimed, among other things, that these defendants were liable for "abuse of process, harassment, and negligence." And he asserted the unconstitutionality of the procedures that led to the rollback assessment.

By motion, the Tax Court granted summary judgment in March 2016 dismissing with prejudice all plaintiff's claims for monetary damages. What remained was plaintiff's appeal of the rollback determination, as to which the township was the only remaining party.

A-4118-16T4

The township moved in September 2016 to dismiss because plaintiff failed to provide answers to interrogatories or allow inspection of the property. The motion was granted but the action later reinstated. When plaintiff remained recalcitrant in discovery, the township again moved for dismissal. As the result of a hearing in January 2017, an order was entered that required plaintiff to provide the unanswered discovery requests and to allow an inspection of the property on February 28, 2017.

Plaintiff, however, refused to permit an inspection as ordered. Even though he had already been accommodated and the inspection delayed until the winter harvesting season, plaintiff claimed the inspection could not occur when ordered because the 2017 season abruptly ended due to unseasonably warm weather. The Tax Court granted the township's motion to dismiss with prejudice, concluding that plaintiff "intentionally failed to comply with the discovery order and that dismissal of the complaint [was] the appropriate sanction."

Plaintiff appeals, arguing:

> I. THE TAX COURT ERRED IN GRANTING SUMMARY JUDGMENT TO DEFENDANTS, DENYING PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDG[]MENT, AND DISMISSING PLAINTIFF'S COMPLAINT.

A-4118-16T4

II. TAX COURT ERRED IN APPLYING GENERAL MOTORS CORP. v. CITY OF LINDEN, 150 N.J. 552 (1996) THAT IN EFFECT GRANTED A COMMON LAW RECOGNITION OF A KANGAROO COUNTY TAX BOARDS, AND AS A RESULT, SHOULD RESULT IN ALLOWANCE OF THE OWNER OF A FARM ORGANIZED AS AN LLC TO REPRESENT THEMSELVES PRO SE.

III. TAX COURT[] PROCEDURES WERE AS UNCONSTITUTIONAL SIMILAR TO THE SOMERSET COUNTY TAX BOARD.

IV. SUBSTITUTION OF COUNSEL SHOULD NOT BE PERMITTED WHEN COUNSEL ATTEMPTS TO MISLEAD THE COURT ON THE SEQUENCE OF SUBSTITUTION AND INTERFERENCE WITH DISCOVERY.

We find insufficient merit in these arguments to warrant further discussion in a written opinion, R. 2:11-3(e)(1)(E), and affirm substantially for the reasons set forth by Judge Patrick DeAlmeida in his thoughtful and well-reasoned opinions on the motions that produced the orders under review.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4118-16T4